GORDON K. TYLER & another *vs.* WILLIAM CURRIER & others.

No lien can be claimed on a ship under *St.* 1855, *c.* 231, for timber sold and delivered to the owner in another state, and by him brought into this commonwealth, and here used in building a ship, if there was no express agreement that there should be a lien, nor that the timber should be so applied.

HOAR, J.    This is a petition to enforce a lien upon a ship under the provisions of *St.* 1855, *c.* 231.

Among the interesting and important questions arising in the case, which have been so fully and ably argued in writing by

counsel, there is one which appears to the court decisive, and renders a consideration of any others unnecessary.

Currier & Townsend, who were building two ships at Newburyport, wrote to the petitioners, who resided at Baltimore, for a cargo of white oak plank, and the petitioners wrote in reply agreeing to sell the same. By the agreement of the parties, the petitioners chartered a vessel at Baltimore, for and in the name of Currier & Townsend, and delivered the plank on board; Currier & Townsend paying the price agreed by the charter party, and insuring the plank from Baltimore. The contract of sale and delivery was therefore made, and to be performed, in the State of Maryland, and was actually executed therein. The laws of Maryland, the *lex loci contractus*, consequently applied to and must govern the contract, and by those laws, and not by the laws of Massachusetts, the rights of the parties are to be determined. There was no agreement between them that the petitioners should have a lien. This would not be necessary, if the contract had been made in this commonwealth; because the law would then create the lien, and cause it to attach, as an incident to the contract. But no such law was in operation where the contract was made and performed. The property had vested in Currier & Townsend, without any lien attaching, by the delivery at Baltimore. They brought it into this commonwealth as their own unincumbered property. They were under no obligation, by their contract, to bring it to Massachusetts. They might have sold it from the vessel at Baltimore, or changed the destination of the vessel, with the consent of the owners. The interest created by a lien under the statute is not merely a part of the remedy, but is an interest in property, created by the law operating upon the contract of the parties.

It has been found by a jury in another suit, that a part of the plank was furnished to be used in the construction of the two ships before mentioned, which Currier & Townsend were building at the time the contract was made. But this, upon the facts agreed, we think must be understood to refer only to the purpose to which the purchasers expected to apply it at the time they purchased; or, at the utmost, to the purpose to which

the petitioners understood it was to be applied. It is very clear that there was no stipulation or agreement that it should be so applied. *Petition dismissed.*

*W. C. Endicott,* for the petitioners.
*C. T. Russell,* for the respondents.